# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERTO BERAS** | : | **DOCKET NO. 17-cv-276** |
| **REG. # 45865-054** | | **SECTION P** |
| | | |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| | | |
| **CALVIN JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is the *pro se* application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner Roberto Beras ("Beras"). Beras is in the custody of the Federal Bureau of Prisons and is currently incarcerated at Moshannon Valley Correctional Center in Philipsburg, Pennsylvania. However, at the time of filing, he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.[1]

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). The district of incarceration has exclusive jurisdiction over an inmate's § 2241 petition challenging present physical confinement. *Id.* at 373–74; *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2722–23 (2004). Since Beras was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper.

# I.

## BACKGROUND

On December 4, 2000, a jury in the United States District Court for the Southern District of New York convicted Beras of 82 counts, including conspiracy to launder money, conspiracy to structure transactions and avoid currency reporting requirements, money laundering, and causing a financial institution to fail to file a currency transaction report. *United States v. Beras*, No. 1:99-cr-00075. On November 21, 2001, the district court sentenced Beras to 292 months imprisonment. *Id.* at doc. 69. His conviction and sentence were affirmed on appeal *[Id.* at docs. 71, 72], and the Supreme Court denied certiorari. *Beras v. United States*, 124 S.Ct. 1441 (2004). In 2005, Beras filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied by the district court in New York on March 20, 2013. *See Beras v. United States*, 2013 WL 1155415 (S.D.N.Y. Mar. 20, 2013). On August 7, 2013, the United States Court of Appeals for the Second Circuit denied Beras's motion for a certificate of appealability and dismissed his appeal. *Beras*, No. 1:99-cr-00075, doc. 160. On December 9, 2014, Beras's motion for leave to file a successive § 2255 motion was denied by the Second Circuit. *Id.* at doc. 166.

The instant petition is the third of five *habeas* petitions filed by Beras pursuant to § 2241.[2] His first § 2241 petition was filed on March 27, 2012, and denied on July 2, 2012. *Beras v. Farley*, 4:12-cv-738 (N.D. Ohio), doc. 4. The United States Court of Appeals for the Sixth Circuit affirmed the district court's decision. *Id.* at doc. 9. Beras filed his second § 2241 petition on April 30, 2013, in the Northern District of Ohio, Western Division. *See Beras v. Coakley*, 4:13-cv-971 (N.D. Ohio). Therein, he claimed that his 2000 conviction should be vacated in light of the U.S. Supreme Court's decisions in *United State v. Santos*, 128 S. Ct. 1994 (2008) and *Cuellar v. United States*,

---

[2] Beras currently has two other § 2241 petitions pending. *See Beras v. Johnson*, 2:17-cv-457 (W.D. La.) and *Beras v. S.M. Kuta*, 317-cv-116 (W.D. Penn).

128 S.Ct. 1994 (2008), as said cases changed key terms in the money-laundering statue under which he was convicted, making him actually innocent of the crimes. *Beras v. Coakley*, 4:13-cv-971, doc. 6, pp. 1, 3. The district court denied the petition on October 2, 2013. *Id.* at doc. 6, p. 6. The Sixth Circuit affirmed the district court's decision. *See id.* at doc. 15.

Beras filed the current § 2241 petition asserting, as he has in other filings, that his conviction should be overturned as he claims actual innocence pursuant to *Cuellar* and *Santos*. Doc. 1; doc. 4, pp. 2, 5. As relief, he asks for immediate release from prison. Doc. 1, p. 6.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate, or set aside sentence under § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Here, Beras collaterally attacks his incarceration by arguing errors with regard to his federal conviction. He challenges the sentence imposed, not the execution of his sentence. Therefore, his claim should be advanced in a § 2255 motion to vacate.

An application for writ of *habeas corpus* brought under § 2241 may be properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877–78. The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence

to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers*, 253 F.3d at 830.

A remedy under § 2255 is not necessarily inadequate or ineffective simply because a petitioner has previously been denied relief under that section, is unable to meet the second or successive requirement (*Jeffers*, 253 F.3d at 830) or is barred from seeking it under the one-year limitations period. *See Pack v. Yusuff*, 218 F.3d 448, 452–53 (5th Cir. 2000) (rejecting argument that procedural bar of one-year limitations in § 2255 rendered remedy inadequate). However, a petitioner can fulfill the savings clause's standards and meet the burden of establishing an ineffective or inadequate remedy if he satisfies the following factors: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

As noted previously, the district court in New York has already denied Beras's claims under § 2255, and the Second Circuit denied his appeal of that ruling. Further, his motion for leave to file a successive § 2255 was denied by the Second Circuit. Thus, Beras's § 2255 remedy was not inadequate for purposes of the savings clause simply because he filed an unsuccessful § 2255 motion and was unable to meet the requirements for filing a successive § 2255 motion. Likewise, Beras' prior § 2241 petitions were denied. The most recent § 2241 denial, issued by the Northern District of Ohio on October 2, 2013, reviewed the petitioner's multiple claims for relief under *Santos* and *Cuellar* and rejected each of them.

> Petitioner argues he is actually innocent of money laundering because the Supreme Court in *Santos* issued a new interpretation of the term 'proceeds' as 'profits' in 18 U.S.C. 1956. *Santos* is retroactive. [Petitioner] contends the crime of money laundering under 18 U.S.C. § 1956(a)(3) and the crime

of structuring financial transactions in violation of 31 U.S.C. § 5324(a)(3) both require proof of the existence of a financial transaction, thus creating a merger problem. He claims the government is required under *Santos* to prove he intended to transport "profits," not just "gross receipts" to further a money laundering scheme. He contends the government did not prove this, and he is therefore actually innocent of money laundering.

*Santos* does not apply in this case because there is no merger problem. Petitioner argued to the Second Circuit on direct appeal that his convictions of money laundering under 18 U.S.C. § 956(a)(3) and structuring financial transactions under 31 U.S.C. § 5324(a)(3) presented a "merger problem" and violated the prohibition against double jeopardy. The Second Circuit rejected this argument, finding that each charge required proof of an element that the other does not. Because there is no merger problem in Petitioner's convictions, *Santos* does not apply. . . .

. . . .

Petitioner also argues he is actually innocent of money laundering because the Supreme Court in *Cuellar* issued a new interpretation of the term 'design' in 18 U.S.C. § 1956(a)(2)(B)(i), which makes this statute inapplicable to him. This section, in relevant part, makes it a crime to attempt to transport 'funds from a place in the United States to . . . a place outside the United States . . . knowing that the . . . funds involved in the transportation . . . represent the proceeds of some form of unlawful activity and knowing that such transportation. . . is designed in whole or in part. . . to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

Here, unlike *Cuellar*, Petitioner's methods of transportation do not suggest the money was concealed only for the purposes of getting it from Point A to Point B. Indeed, Petitioner acknowledges the drug money was delivered to [Dinero, his business's] New York headquarters, deposited slowly in various Dinero Bank accounts, transferred to the Dominican Republic using phony invoices, converted to local currency using a straw man, redeposited into Dinero accounts in the Dominican Republic, and then transferred to drug dealers in the Dominican Republic. This evidence suggests the transactions themselves were designed to conceal where the money came from, not where it was at a given moment. Consequently, *Cuellar* does not require a finding that Petitioner is actually innocent of money laundering.

Because Petitioner did not establish his actual innocence in the crime of money laundering, he cannot challenge his conviction under 28 U.S.C. § 2241.

*Beras v. Coakley*, 4:13-cv-971, doc. 6, pp. 5–7 (citations omitted). As previously stated, the Sixth Circuit affirmed the district court's decision. *Id.* at doc. 15.

Here Beras argues that he is actually innocent of conspiracy to commit transportation money laundering, a violation of 18 U.S.C. § 1956(h), and the substantive crime of transportation money laundering, a violation of 18 U.S.C. § 1956(a)(2)(B), because he maintains that the money he carried was "proceeds" of illegal activity used to pay for inventory previously acquired. Doc. 4, pp. 6–7. This is the same profits/gross receipts argument that he presented in a supplement to his § 2255 motion and again to the Northern District of Ohio, and which both courts found to be meritless based on the Second Circuit's rejection of that claim on direct appeal. In his deficient petition he also argued innocence under *Cuellar*, contending that the concealment in transportation was not to hide the illegal source of the money but instead to avoid transaction fees. Doc. 1. This claim was rejected by the Northern District of Ohio based on evidence presented at trial. The petitioner argues, based on a footnote in the opinion denying his direct appeal, that the Second Circuit agreed that the purpose of his transportation method was to avoid fees rather than to conceal the illegal source of the funds. *Id.* at 5. However, that footnote merely noted that a single step of the laundering scheme described above was "to disguise a single payment to and from Dinero of a sum of money in excess of the currency reporting threshold as multiple payments . . . each for a sum well under the reporting threshold." *United States v. Dinero Exp., Inc.*, 313 F.3d 803, 805 n. 1 (2d Cir. 2002). The rest of the scheme, as described by the Second Circuit, comports with the description of the Northern District of Ohio and was clearly designed to conceal the money's source. *Id.* at 805.

Based on the above, it is clear that Beras has failed to meet the stringent requirements of the savings clause as he has not shown that he may have been convicted of a nonexistent offense

under *Santos* or *Cuellar*. "His § 2255 motion, in the words of the statute, was not 'inadequate or ineffective to test the legality of his detention.'" *McIntosh v. Tamez*, 477 Fed. App'x 168, 171 (5th Cir. 2012) (citing 28 U.S.C. § 2255(e)).

## III.
### CONCLUSION

Beras's allegations are insufficient to invoke the savings clause. Since he has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255. *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

Accordingly,

**IT IS RECOMMENDED** that the application for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** as to the jurisdictional issues only and without prejudice in all other respects.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses thereto.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of September, 2017.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE