# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| **ROBERTO BERAS** | **CIVIL ACTION NO. 2:17-CV-0276** |
| **REG # 45865-054** | **SECTION P** |
| | |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| | |
| **CALVIN JOHNSON** | **MAGISTRATE JUDGE KAY** |

## RULING

Before the Court is the Report and Recommendation of the Magistrate Judge [Doc. No. 8], and the objections thereto filed by Petitioner Roberto Beras [Doc. No. 9]. By the Report and Recommendation, the Magistrate Judge recommended the petition should be dismissed with prejudice, finding Petitioner "failed to meet the stringent requirements of the savings clause[1] as he has not shown that he may have been convicted of a nonexistent offense under *Santos* or *Cuellar*." [Doc. No. 8 at 6-7]. After an independent review of the record, and having determined the Magistrate Judge's findings and recommendation are correct under the applicable law, the Court hereby adopts the findings and recommendation of the Magistrate Judge, as supplemented in this Ruling.

As discussed in the Report and Recommendation, Petitioner moves this Court, pursuant to 28 U.S.C. § 2241, to vacate his conviction as he claims "actual innocence" pursuant to *Cuellar* and *Santos*.[2] [Doc. No. 8 at 3; *see also* Doc. 4 at 2, 5]. Section 2241 may be used by a federal prisoner to challenge the legality of a conviction and/or sentence only if the petitioner satisfies the "savings

---

[1]*See* 28 U.S.C. § 2255(e).

[2]*See Cuellar v. United States*, 553 U.S. 550 (2008); *United States v. Santos*, 553 U.S. 507 (2008).

1

clause" of section 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The

"savings clause" of section 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C.A. § 2255(e). In order to show a claim falls under the savings clause of section 2255, a

Petitioner "bears the burden of affirmatively showing that the § 2255 remedy is inadequate or

ineffective." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir.2005).

A petitioner seeking relief under the savings clause of section 2255 must demonstrate three

things:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir.2003). "[T]he core idea is that the petitioner may

have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena* at 903.

In Beras's original section 2255 petition filed in the Southern District of New York, he raised

the same claim he asserts in this Court - *i.e.*, that under *Santos* and *Cuellar*, his sentence must be

vacated.[3] *Beras v. U.S.*, 2013 WL 1155415, *8 (S.D.NY). The court rejected this claim, finding it

did not relate back to any of the grounds alleged in Beras's original Petition. The Court additionally

---

[3]Although the Supreme Court issued its decisions in *Santos* and *Cuellar* on June 2, 2008, Petitioner asserted substantially similar arguments in his Section 2255 supplements filed in June 2005, January 2007, and May 2008. He also filed supplements in June 2008 and September 2009 citing *Santos* and *Cuellar*. *See Beras v. United States*, 2013 WL 1155415, *5 (S.D.NY).

noted the claim was "likely without merit," in light of the Second Circuit's findings on Beras's direct appeal. *Id.* ("Assuming that *Santos* applies retroactively on collateral review, Beras still has the burden of showing that the grounds charged in the Indictment present a merger problem. It is unlikely that he can make this showing, given that the Second Circuit has already held, during the course of Beras's direct appeal, that Beras's convictions for money laundering and structuring funds are not multiplicitous.").

On January 8, 2014, the United States Court of Appeals for the Second Circuit denied Beras's motion for a certificate of appealability and dismissed his appeal, finding in part that Beras had not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . as to the untimeliness of certain claims raised in Appellant's supplemental 28 U.S.C. § 2255 motions." *Beras v. United States of America*, No. 1:05-cv-2678 (2nd Cir. Jan. 8, 2014), Doc. No. 40 (internal quotation marks omitted).[4]

On July 15, 2015, the Second Circuit denied Petitioner's motion for leave to file a successive 2255 motion. *Id.* at Doc. No. 55. On November 10, 2016, the Second Circuit denied a second motion for leave to file a successive 2255 motion, finding in part that Beras's claim asserted under *Santos* was "barred by 28 U.S.C. § 2244(b)(1) because it was raised and rejected in prior § 2255 proceedings . . . ." *Id.* at Doc. No. 56.

On March 27, 2012, Petitioner filed his first section 2241 motion in the Northern District of Ohio. *Beras v. Farley*, No. 4:12-cv-738 (N.D. Ohio), Doc. 4. In that motion, Petitioner raised claims based on Federal Rule of Criminal Procedure 10, and the First and Sixth Amendments to the U.S.

---

[4]Thereafter, the Second Circuit denied two more attempts by Petitioner to obtain a certificate of appealability. *Id.* at Doc. Nos. 49, 53.

Constitution. Petitioner made no arguments based on *Cuellar* or *Santos*. The District Court denied the motion, and the Sixth Circuit affirmed the District Court's decision on January 16, 2014. *Id.* at Doc. 9.

On March 30, 2013, Petitioner filed a second motion pursuant to section 2241 in the Northern District of Ohio, making the same arguments he makes before this Court - namely, that his conviction "should be vacated in light of the U.S. Supreme Court's decisions in *United States v. Santos*, 553 U.S. 507 (2008) and *Cuellar v. United States*, 553 U.S. 550 (2008)." *Beras v. Coakley*, 2013 WL 5507497, *1 (N.D. Ohio). In that petition (as in the Petition before this Court), Beras argued *Santos* and *Cuellar* "changed key terms in the money-laundering statute under which he was convicted, making him actually innocent of the crimes." *Id.* at 2. As set forth in the Report and Recommendation, the Ohio court thoroughly examined the merits of Petitioner's claim. [*See* Doc. 8 at 4-5] The Ohio court ultimately concluded "[b]ecause Petitioner did not establish his actual innocence in the crime of money laundering, he cannot challenge his conviction under 28 U.S.C. § 2241." *Id.* at 5. On September 22, 2014, the Sixth Circuit affirmed the District Court, setting forth procedural reasons which required dismissal of Beras's claims.

As set forth above, Beras's claim has now been adjudicated multiple times by multiple courts. His claim was first addressed by the Southern District of New York in his original 2255 petition, and it was later addressed by the Northern District of Ohio in his second 2241 petition. Beras's appeals of those decisions were unsuccessful. Beras bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Pack*, 218 F.3d at 452. Essentially, Beras argues section 2241 relief is appropriate, because other courts have (erroneously, in his opinion) dismissed his *habeas* claims. [Doc. No. 9 at 4]. Such an argument does not demonstrate that the

4

relief available to Beras from section 2255 was inadequate or ineffective. *Pack* at 452. As Beras's claim was presented and adjudicated in a prior *habeas* application, dismissal of his claim before this Court is required. 28 U.S.C. § 2244(b)(1); *see also United States v. Tubwell*, 37 F.3d 175, 178 (5th Cir. 1994) (habeas petition raising the same issue as set forth in a prior motion attacking the sentence constitutes "abuse of writ"); *Williams v. Tamez*, 466 Fed.Appx. 326, 327 (5th Cir. 2012).[5]

Signed at Monroe, Louisiana, this 14th day of May, 2018.

_____
**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**

---

[5]Additionally, it would appear Petitioner's claim is barred by 28 U.S.C. § 2244(b)(2), as he could have raised his claim in his original § 2241 petition filed in the Northern District of Ohio in March of 2012. *See also Ranjha v. Carvajal*, 515 Fed.Appx. 333, 334 (5th Cir. 2013). Furthermore, it would appear Beras's claim is time-barred, as the decisions in *Santos* and *Cuellar* issued more than one year before he filed his Petition with this Court. *See* 28 U.S.C. § 2255(f) (a one year period of limitation applies where an applicant seeks to take advantage of a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); *see also Dodd v. U.S.*, 545 U.S. 353, 359 (2005); *DeAngelis v. Vasquez*, 718 Fed.Appx. 290, 291 (5th Cir. 2018). Finally, the Court notes Beras's arguments based upon *Santos* and *Cuellar* would appear to be foreclosed by Circuit precedent. *See U.S. v. Quinones*, 635 F.3d 590, 600 and n.5 (2[d] Cir. 2011); *U.S. v. Mercedes*, 283 Fed.Appx. 862, *2 (2[d] Cir. 2008); *Wilson v. Roy*, 643 F.3d 433, 436 (5th Cir. 2011).